# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WARREN EASTERLING, | : | |
| Plaintiff, | : | Case No. 3:14cv00314 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| BARBARA GORMAN, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.  Introduction

Plaintiff Warren Easterling, a resident of Dayton, Ohio, brings this cases *pro se* claiming that Judge Barbara Gorman violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.  Judge Gorman presides in the Montgomery County, Ohio Court of Common Pleas.  This is the third case Plaintiff has brought in this Court against Judge Gorman concerning the same matters.

This case is presently pending upon Judge Gorman's Motion to Dismiss (Doc. #8), Easterling's Response and Motion to Overrule (Doc. #15), Easterling's Motion for Summary Judgment (Doc. #10), Easterling's Motion for Recusal (Doc. #11), Easterling's Motion for Sanctions and Affidavit in Support (Doc. #s 13, 14), and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

II.     **Background**

In 2009, Easterling filed a wrongful termination case in state court against his former employer.  *See Warren Easterling v. Croswell Bus Lines, Inc., et al*., Case No. 2009 CV 86248 (Ct. C.P., Montgomery County, Ohio) (Gorman, J.).  Judge Gorman granted summary judgment in favor of Easterling's former employer and dismissed his case.  Easterling pursued an unsuccessful direct appeal of Judge Gorman's decision in the Ohio Court of Appeals.

Easterling then turned to this Court.  In 2011, he filed his first Complaint against Judge Gorman, attacking her previous decision to grant summary judgment in favor of his former employer.  Easterling, believing that issues of material fact existed, claimed that the Judge Gorman's decision violated his rights, in part, under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.  *Warren Easterling v. Barbara Gorman*, 3:14cv00096 (*Easterling I*).  In June 2014, this Court dismissed *Easterling I* before service of process – under 28 U.S.C. § 1915(e)(2)(B) (he proceeded in forma pauperis) – because absolute immunity shielded Judge Gorman from Easterling's claims for money damages and because his claims for non-monetary relief were untimely.

Shortly thereafter, Easterling filed his second Complaint against Judge Gorman in this Court. *Warren Easterling v. Barbara Gorman,* 3:14cv00199 (*Easterling II*).  He asserted in his second Complaint that *Easterling I* was "void."  He grounded this assertion on two main arguments:  the pre-service dismissal of his Complaint in *Easterling I* was unwarranted as his case was unripe and his claims against Judge Gorman were timely given his proof of

inequitable circumstances.  He also raised a "Federal Question" the substance of which reiterated his claims against Judge Gorman's previous decision to grant summary judgment in favor of his former employer.  *See Easterling II*, Doc. #4, PageID at 159-60 (and records cited therein).  *Easterling II* ended upon this Court's dismissal of his Complaint with prejudice, before service of summons (again, he proceeded in forma pauperis).  The dismissal occurred because res judicata and collateral estoppel barred his repetitive claims and cases against Judge Gorman.  *See Easterling II*, Doc. #s 4, 6.

Easterling now turns to this Court with the same claims against Judge Gorman but a different procedural tactic.  Rather than proceeding in forma pauperis, he has paid the $400.00 filing fee.  This tactic initially worked in his favor by eliminating the sua sponte review mandated by 28 U.S.C. §1915 when a plaintiff proceeds in forma pauperis.  Without sua sponte review, Easterling's case proceeded with service of summons.  This, in turn, turn led to Judge Gorman's Motion to Dismiss followed by the remaining Motions and Memoranda of record.

Judge Gorman seeks dismissal of Easterling's present claims on several grounds:  res judicata, lack of subject matter jurisdiction (under *Rooker-Feldman*), absolute immunity, and failure to state a claim upon which relief can be granted.

III.  **Discussion**

Easterling contends that res judicata does not bar his present Complaint because he alleges that Judge Gorman's decision in his wrongful-termination case against his former employer was not a valid judgment on the merits.  He states, "Fraud would eliminate the

3

possibility or claim of a valid judgment." (Doc. #12, PageID at 161). He also maintains that there are no previous cases against Judge Gorman "with valid judgments on the issue of violating the Plaintiff's rights under Rule 56 or Title 42 USC 1985." *Id*. (capitalization omitted).

For the reasons set forth in *Easterling II*, res judicata bars his present nearly verbatim Complaint against Judge Gorman. *See Easterling II*, 3:14cv00199 (Doc. #s 4, 6). This is particularly so as to Easterling's previously unsuccessful argument – in *Easterling I* – that Judge Gorman's decision to grant summary judgment in his former employer's favor was invalid. In *Easterling II*, moreover, he again challenged Judge Gorman's decision and similarly argued that the decision in *Easterling I* was "void." Now, he adds nothing in the present case to alter the res-judicata analysis in *Easterling II*. In short, his present contentions fail to surmount the res-judicata bar he encountered in *Easterling II*. Accordingly, Judge Gorman's Motion to Dismiss is well taken.

Turning to Easterling's Motion for Summary Judgment, he seeks summary judgment on his challenges to Judge Gorman's previous decision in state court. For the reasons in *Easterling I* and *II*, and because Defendant Gorman's Motion to Dismiss is well taken, Easterling is not entitled to summary judgment in the instant case.

Next, Easterling seeks an Order effecting the recusal of District Judge Rice because Judge Rice issued an Order in case 3:14po00049 "where the purpose was to obstruct justice in regards to all pending cases involving the Plaintiff where the court order is fraudulent and the appearance and existence of bias and prejudice warrants the recusal of Judge Rice on all

cases involving the Plaintiff."  (Doc. #11, PageID at 151).  Easterling previously sought an

Order recusing Judge Rice, *Warren Easterling v. Judge Dale Crawford*, 3:14cv226 (Rice, J.;

Merz, M.J.).  Magistrate Judge Merz issued a thorough and well-reasoned Report and

Recommendations concluding that Easterling's Motion to Recuse Judge Rice, based on his

Order in 3:14po00049, lacked merit.  *Warren Easterling v. Judge Dale Crawford*, 3:14cv226

(Doc. #28).  The undersigned Judicial Officer fully concurs with Magistrate Judge Merz's

reasoning and conclusions in his Report and Recommendations.  For those reasons, and

based on the cases cited and discussed by Judge Merz, Easterling's present Motion for

Recusal lacks merit.  *See id*.

Easterling's final Motion in this case seeks sanctions against Judge Gorman's counsel

under Fed. R. Civ. P. 11(b).  Easterling argues that sanctions are warranted because defense

counsel relies on the doctrine of res judicata as a way of harassing, causing delay, and

needlessly increasing the costs of this litigation.  These contentions lack merit because

defense counsel's reliance on res judicata is not only warranted under existing law, it is well

taken.  In this situation, Rule 11 sanctions are not implicated or triggered.  *See* Fed. R. Civ.

P. 11(b)(2).  The record, moreover, contains no indication that defense counsel advanced res

judicata, or any other, defense for the purpose of harassing Easterling, causing delay, or

needlessly increasing costs in this case.  And the record lacks any indication that defense

counsel violated Rule 11(b) in any other way.

## IT IS THEREFORE RECOMMENDED THAT:

1.     Judge Gorman's Motion to Dismiss (Doc. #8) be GRANTED;

2.    Easterling's Motion to Overrule Judge Gorman's Motion to Dismiss (Doc. #15) be DENIED;

3.    Easterling's Motion for Summary Judgment (Doc. #10), Motion for Recusal (Doc. #11), and Motion for Sanctions (Doc. #13) be DENIED;

4.    The case be terminated on the docket of the court.


April 17, 2015                                    _____s/Sharon L. Ovington_____
                                                        Sharon L. Ovington
                                                Chief United States Magistrate Judge


_____

### NOTICE REGARDING OBJECTIONS

        Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

        Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).

6