# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WARREN EASTERLING, | : | |
| Plaintiff, | : | Case No. 3:14cv00314 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| BARBARA GORMAN, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

In 2009, Easterling filed a wrongful termination case in state court against his former employer. *See Warren Easterling v. Croswell Bus Lines, Inc., et al.*, Case No. 2009 CV 86248 (Ct. C.P., Montgomery County, Ohio) (Gorman, J.). Judge Gorman granted summary judgment in favor of Easterling's former employer and dismissed his case. Easterling pursued an unsuccessful direct appeal of Judge Gorman's decision in the Ohio Court of Appeals.

Easterling then turned to this Court. In 2011, he filed his first Complaint against Judge Gorman, attacking her previous decision to grant summary judgment in favor of his former employer. Easterling, believing that issues of material fact

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

existed, claimed that the Judge Gorman's decision violated his rights, in part, under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. *Warren Easterling v. Barbara Gorman*, 3:14cv00096 (*Easterling I*). In June 2014, this Court dismissed *Easterling I* before service of process – under 28 U.S.C.§ 1915(e)(2)(B) (he proceeded in forma pauperis) – because absolute immunity shielded Judge Gorman from Easterling's claims for money damages and because his claims for non-monetary relief were untimely.

Shortly thereafter, Easterling filed his second Complaint against Judge Gorman in this Court. *Warren Easterling v. Barbara Gorman,* 3:14cv00199 (*Easterling II*). He asserted in his second Complaint that *Easterling I* was "void." He grounded this assertion on two main arguments: the pre-service dismissal of his Complaint in *Easterling I* was unwarranted as his case was unripe and his claims against Judge Gorman were timely given his proof of inequitable circumstances. He also raised a "Federal Question" the substance of which reiterated his claims against Judge Gorman's previous decision to grant summary judgment in favor of his former employer. *See Easterling II*, Doc. #4, PageID at 159-60 (and records cited therein). *Easterling II* ended upon this Court's dismissal of his Complaint with prejudice, before service of summons (again, he proceeded in forma pauperis). The dismissal occurred because res judicata and collateral estoppel barred his

repetitive claims and cases against Judge Gorman. *See Easterling II*, Doc. #s 4, 6.

Easterling thereafter filed this case against Judge Gorman but proceeded a bit differently: he paid the $400.00 filing fee and avoided the sua sponte review mandated by 28 U.S.C. § 1915 when a plaintiff proceeds in forma pauperis. Easterling's case proceeded with service of summons, followed by a motion to dismiss filed by Judge Gorman. Judge Gorman argued Easterling's claims should be dismissed on several grounds: res judicata, lack of subject matter jurisdiction (under *Rooker-Feldman*), absolute immunity, and failure to state a claim upon which relief can be granted.

On April 17, 2015, the undersigned issued a Report and Recommendations recommending Judge Gorman's Motion to Dismiss (Doc. #8) be granted, Easterling's various motions be denied (Docs. ## 10, 11, 13, 15), and this case be terminated on the docket of the court. (Doc. #16, *PageID*## 210-11). Relying upon the reasons set forth in *Easterling II*, the Court found "res judicata bar[red] his present nearly verbatim Complaint against Judge Gorman." (Doc. #16, *PageID#* 209)(citing *Easterling II*, 3:14cv00199 (Docs. ## 4, 6)).

Easterling promptly filed objections on April 23, 2015. (Doc. #17). On April 28, 2015, District Judge Rice overruled Easterling's objections, adopted the Report and Recommendations (Doc. #16), dismissed Easterling's Complaint, and

3

terminated the case on the docket of the Court. (Doc. #18, *PageID*## 219-20). Judgment was entered in favor of Defendant and against Plaintiff the same day. (Doc. #19).

Presently, the case is before the Court upon Plaintiff's Motion for Relief of Judgment (Doc. #20), Defendant's Response in Opposition (Doc. #21), Plaintiff's Reply (Doc. #22), and the record as a whole.

Easterling argues relief from judgment should be granted "due to fraud on the court by Judges Rice and Ovington in regards to their willful disreguard [sic] for federal question jurisdiction . . . and their attempt to conceal the fact that the entire case makes jurisdiction . . . ." (Doc. #20, *PageID*# 222). Easterling further contends that his previous cases were "dismissed prior to being heard," and therefore, "there is no res judicata on the issue." (Doc. #20, *PageID*## 222-25).

Pursuant to Fed. R. Civ. P. 60(b)(3), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Easterling does not claim that an opposing party committed any fraud on the Court, but rather the district judge and undersigned magistrate judge randomly assigned to the case acted in such a manner.

4

> Fraud on the court consists of conduct: "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court."

*Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010).

Easterling has failed to identify any behavior sufficient to meet his burden of showing relief under Rule 60(b)(3). *See Thurmond v. Wayne Cnty. Sheriff Dept.*, 564 Fed. App'x 823, 827 (6th Cir. 2014) ("[T]he party seeking relief under Rule 60(b)(3) bears the burden of showing entitlement to such relief by clear and convincing evidence.")(citing *Info-Hold v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). Instead, Easterling appears to re-argue his points regarding the *Rooker-Feldman* Doctrine, which the Court has already rejected.

Easterling also appears to seek relief under the catch-all provision of 60(b)(6). Pursuant to Rule 60(b)(6), a court may relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." This provision "applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). No such circumstances exist in this case to justify relief for Easterling from the dismissal of his claims. Likewise, he cannot use his motion to merely repeat arguments previously determined by the Court to

5

lack merit as it is well established that Rule 60(b) is not to be used as a substitute for appeal.  *Polites v. United States*, 364 U.S. 426, 81 S. Ct. 202, 5 L. Ed. 2d 173 (1960); *Ackerman v. United States*, 340 U.S. 193, 71 S. Ct. 209, 95 L. Ed. 207 (1950).  For these reasons, Easterling's Rule 60(b) motion lacks merit.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Rule 60(b) Motion for Relief from Judgment (Doc. #20) be DENIED; and,

2. This case remain terminated on the docket of this Court.

October 9, 2015

                                              s/Sharon L. Ovington
                                                Sharon L. Ovington
                                      Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).